# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| COREY DARNELL MCKAY<br>#326162 | CIVIL ACTION NO. 07-1642-LC |
| VS. | SECTION P |
| WARDEN TERRY TERRELL,  ET AL | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Corey McKay on October 1, 2007.  Plaintiff is currently incarcerated at Allen Correctional Center (ACC), in Kinder, Louisiana, and complains of events which are alleged to have occurred at that facility.  As defendants, the plaintiff names ACC Warden Terry Terrell, the GEO Group, Inc. (GEO), ACC medical department head Nelda Wilson, Tammy Fontino, and the ACC medical department.  As relief, plaintiff seeks compensatory damages or/or partial ownership of GEO, as well as  transfer to another prison.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his complaint, plaintiff claims that he has "sickle cell...hypothyroid...high blood pressure..." for which he was treated at an Alexandria hospital.  He states that he was sent back to ACC with a prescription for pain medication but that defendants Wilson and Fontino, to this day, refuse to give him the medication.  Plaintiff states that he also has asthma for which he or ACC

2

security administers breathing treatments, but he complains that neither are qualified to give the treatments.  In addition, he states that he has a serious mental illness for which he is being denied medication.  Further, plaintiff claims that on September 20, 2007, he slipped at ACC, injuring his head, back, neck, and shoulder but only received treatment for his shoulder.

## LAW AND ANALYSIS
### Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations  as  true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true, and giving

3

plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.   In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

## Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response

4

indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered my the medical staff does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v.  Lynaugh,* 920 F.2d 320, 321 (5th Cir.  1992) citing *Johnson v.  Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*  Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not

5

elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference).  Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In the instant case, the information contained in plaintiff's complaint indicates that plaintiff has received medical treatment.  Plaintiff's allegations, at most, state a disagreement amongst himself and the medical staff  regarding the procedures to treat his medical problems. Plaintiff admits that he was sent to the hospital for medical treatment [Doc. 1-1, p.3].  He also admits that he is taking breathing treatments, and that following his alleged fall on 9/27/07, he was treated for his shoulder. [Doc. 1-1, p.3].  Additionally, in 07-1531, *McKay v. GEO Group Inc.*, which is another civil rights suit filed by plaintiff, he states that he was "put on a diet for health" by the doctor at ACC.  [Doc. 1-1, p.3].  Further, in a Report and Recommendation issued in the Eastern District of Louisiana in yet another civil rights suit filed by plaintiff (06-5770, *McKay v. Terrebonne Parish Sheriff's Office*), the court noted that plaintiff  "alleged that he now has no sight in his right eye, but that he was receiving medical care for his eye where he is currently incarcerated in the Allen Correctional Center." [Doc. 24, p. 5].

Thus, plaintiff has documented treatment on several occasions.  The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs.  As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred.  Absent a constitutional violation, federal courts are

6

generally reluctant to interfere in the internal affairs of a prison.  See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct.  1800 (1974).  The decision regarding plaintiff's treatment is best left to the prison officials.  The evidence before the court simply does not support a finding of deliberate indifference.  Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### Request for Transfer

Plaintiff requests a transfer from ACC to another prison facility. [Doc. 1-1, p. 4, & Doc. 4].  He bases the request on allegations that he is being mistreated because he filed this case. Prisoners do not have a constitutionally derived liberty interest in being held in any particular institution. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).  In sum, plaintiff has no constitutionally derived liberty interest in where he is incarcerated and therefore, he is not entitled to any relief in regard to his request.

### Three Strikes Warning

Plaintiff has had two previous civil actions dismissed as frivolous.  See,  *McKay v. Cain, Et Al,* 03-713, and  *McKay v. Terrebonne Parish Sheriff's Office Through Sheriff Jerry Larpenter,* 06-5770.   After review of all claims raised herein, the undersigned has recommended plaintiff's claims herein to be dismissed as frivolous.  Thus, the instant recommended dismissal will constitute a third strike against plaintiff pursuant to 28 U.S.C. § 1915.  The rules and procedures applicable to the granting of  *in forma pauperis* status to inmates in cases brought

7

pursuant to 42 U.S.C. §1983 are set forth in 28 U.S.C. §1915.  This statute provides in part:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the
> prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury. 28 U.S.C. §1915(g).

A prisoner who has sustained three dismissals qualifying under the "three strikes"

provision may still pursue any claim, but he must do so without the aid of the *in forma pauperis*

procedures. *Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir.1996).  Thus, plaintiff is put

on notice that should this matter be dismissed as frivolous as recommended, he will be barred

from filing any other civil actions in United States District Courts *in forma pauperis* except for

cases involving an imminent danger of serious physical injury. *Id.*

**ACCORDINGLY,**

**IT IS RECOMMENDED** that all claims brought by plaintiff herein be **DISMISSED**

**WITH PREJUDICE** as frivolous and fail to state a claim upon which relief can be granted

under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**IT IS ALSO RECOMMENDED** plaintiff's request for transfer be denied.

**IT IS FURTHER RECOMMENDED** plaintiff's motion for outside medical treatment

[Doc. 4] be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc.72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and recommendation

to file specific, written objections with the clerk of court. A party may respond to another party's

8

objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 31, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)